IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD HOOD,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; TAGGART BOYD, Warden of Reception and Treatment Center; and MIKE HILGERS, Nebraska Attorney General;<br><br>Respondents. | 4:25CV3020<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of Petitioner Edward Hood's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Filing No. 1.) Under § 2254, the district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id*. If the Court does not summarily dismiss the petition, it "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." *Id*.

Hood was convicted in the District Court of Garden County, Nebraska of Motor Vehicle Homicide (Count I), Manslaughter (Count II), and Driving Under the Influence of Alcohol Causing Serious Bodily Injury (Count III). On June 5, 2017, the court imposed a sentence of 49 to 50 years' imprisonment on Count I, 19 to 20 years' imprisonment on Count II, and 5 to 5 years' imprisonment

on Count III. The sentences were ordered to run consecutive to one another and Hood was given credit for 1,271 days served following an Order Nunc Pro Tunc, filed June 26, 2017.

Hood filed a timely notice of appeal, and his convictions and sentence were affirmed on October 5, 2018. ([Filing No. 1](#)). Hood later filed a Motion for Postconviction Relief, which was denied. He appealed the denial of his Motion for Postconviction relief, which was denied by the Nebraska Court of Appeals on July 11, 2023. He then filed a Petition for Further Review with the Nebraska Supreme Court, which was denied on January 24, 2024.

Hood, a state prisoner incarcerated within the Nebraska Department of Correctional Services, asserts in his § 2254 Petition that he is in custody in violation of the Fifth and Sixth Amendments of the United States Constitution. Specifically, he maintains his constitutional rights were violated because his conviction and sentence for manslaughter were in violation of the prohibition against double jeopardy. Hood also asserts his trial counsel was ineffective because (1) counsel gave incompetent advice as to Hood's right to testify in his own defense; (2) counsel failed to assess Hood's diabetic condition for the purpose of establishing a defense to his charges; and, (3) counsel failed to have Hood's competency determined before and during his trial due to the effects of his medication. ([Filing No. 1 at CM/ECF pp. 10-11](#)). Hood asserts appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel on direct appeal, thereby preventing him from seeking postconviction relief on those grounds. ([Filing No. 1 at CM/ECF p. 13](#)).

Upon initial review, the Court finds summary dismissal is not warranted at this time.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall serve copies of this Order and the Petition to Respondent and the Nebraska Attorney General.
2. On or before May 30, 2025, Respondent shall file a response consisting of either an answer to the Petition in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Clerk of the Court shall set a case management deadline for this date.

3. Whether filing an answer or a motion for summary judgment, Respondent shall file (1) a pleading titled "Designation of Relevant State Court Records," describing in detail any records relevant to the Petition, and (2) copies of all records described in that designation.

4. If Hood determines that Respondent's designation is insufficient, he shall have until June 13, 2025, to file a motion specifically requesting additional documents and explaining the reasons the documents are relevant to his claims.

5. Whether Respondent files an answer or a motion for summary judgment, Hood shall file any reply within thirty days after service of Respondent's answer or motion.

Dated this 31st day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge