IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD HOOD,<br><br>    Petitioner,<br><br>v.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; MIKE HILGERS, Nebraska Attorney General; and CRAIG GABLE, Warden of Reception and Treatment Center,<br><br>    Respondents. | 4:25CV3020<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on petitioner Edward Hood's ("Hood") *pro se* Motion for Extension for Petitioner to File[] Response in Objection to Recommendation to this Court (Filing No. 15) and Objection to the Court Recommendation (Filing No. 16). Both motions come too late and fail to comply with the local rules.

  On July 11, 2025, the magistrate judge assigned to this case[1] issued a Findings and Recommendation (Filing No. 12) recommending the Court grant respondents Rob Jeffreys, Mike Hilgers, and Craig Gable's motion for summary judgment. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing the referral of such dispositive matters to a magistrate judge for review). He reasoned that Hood's petition is barred by the pertinent statute of limitation, *see* 28 U.S.C. § 2244(d)(1), and that Hood had given "no reason to toll the limitations period or excuse its procedural bar." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In closing, the magistrate judge notified the parties "that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of

---

[1] The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

any right to appeal the court's adoption of the recommendation." *See* NECivR 72.2(a) (giving fourteen days to object to a findings and recommendation); *accord* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Neither party objected in the time allowed.

On August 12, 2025, (long after the time to object expired), the Court accepted the Findings and Recommendation in its entirety and dismissed this case with prejudice (Filing No. 13). The Court entered judgment against Hood the same day (Filing No. 14).

More than a month later, Hood moved the Court to extend the time to object, citing problems with his retained counsel, Jason E. Troia ("Troia"). Another month passed before he objected to the Findings and Recommendation, asserting he has new evidence. Neither filing is even close to timely, and the Court finds no compelling reason to set aside its judgment at this point—which remains factually and legally sound.

What's more, Hood's *pro se* filings fail to comply with Nebraska General Rule 1.3(i), which provides that "[o]nce an attorney is appointed or retained, all further documents and other communications with the court must be submitted through the attorney, unless the court permits otherwise."[2] Although Troia filed a Motion to Withdraw as Counsel (Filing No. 18), on November 6, 2025, he remains Hood's counsel of record at this time and was his counsel when Hood filed the documents at issue. *See* NEGenR 1.3(f) ("An attorney of record may withdraw upon showing good cause, but is relieved of duties to the court, the client, and opposing attorneys only after (1) filing a motion to withdraw, (2) providing proof of service of the motion on the client, and (3) obtaining the court's leave to withdraw.").

In his motion for an extension of time, Hood acknowledges that he cannot file *pro se* documents in this Court while Troia represents him. He indicates that he has been trying to have Troia removed as counsel in the District Court of Garden County, Nebraska but

---

[2]The Clerk of Court also noted Hood's objection is unsigned (Filing No. 17). *See* NECivR 11.1.

has not yet succeeded. In any event, his ongoing efforts in that state court have no effect in this federal one and more importantly do not excuse the untimeliness of his objection. *See id.* Even if the Court were to construe his motion for an extension of time as including a motion to remove his counsel and proceed *pro se*, it came more than a month after this Court entered judgment.

To the extent Hood faults Troia for failing to timely object to the Findings and Recommendation, the Supreme Court has repeatedly "held that clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962) (explaining "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his" voluntarily chosen and freely selected lawyer-agent).

For the foregoing reasons, petitioner Edward Hood's *pro se* Motion for Extension for Petitioner to File[] Response in Objection to Recommendation to this Court (Filing No. 15) and Objection to the Court Recommendation (Filing No. 16) are both denied.

IT IS SO ORDERED.

Dated this 12th day of November 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3